**Jens Schmidt, OSB #843417**
**jens.schmidt@harrang.com**
**Ben Miller, OSB #074690**
**ben.miller@harrang.com**
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     (541) 485-0220
Facsimile:     (541) 686-6564
Of Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

**DENNIS RENO,**

              Plaintiff,

     vs.

**CITY OF NEWPORT,** an Oregon municipal
corporation, **WILLIAM D. BAIN,** an individual,
and **JIM VOETBERG,** an individual,

              Defendants.

Case No. 10-536-HO

**STIPULATED PROTECTIVE ORDER**

**(Personnel File Documents, Confidential**
**Financial Information and**
**Medical Records)**

      1.     Plaintiff and defendants City of Newport, William D. Bain, and Jim Voetberg

(collectively "defendants") have agreed to produce under the terms and conditions set forth in

this Stipulated Protective Order documents marked "CONFIDENTIAL," which documents the

producing party regards as confidential for the reasons described below ("Confidential

Documents").

Page 1 –    **STIPULATED PROTECTIVE ORDER**

2.      Plaintiffs have requested documents related to the personnel files of current City of Newport employees.  These personnel records contain information related to confidential personnel matters as well as sensitive personal information that could be used inappropriately if not subjected to an appropriate protective order.

3.      Defendants have requested confidential documents from plaintiff regarding his medical condition, mental health and financial condition.  These records contain confidential and sensitive information that could be used inappropriately if not subjected to an appropriate protective order.

4.      Confidential Documents are generally protected from disclosure to the public under ORS 192.501(12) and ORS 192.502(2).  Confidential Documents contain personal information about employees that could be used inappropriately if not subject to an appropriate protective order.  For these reasons, the parties stipulate to the entry of this Protective Order.

5.      Confidential Documents shall be disclosed to only plaintiff's or defendants' attorney(s) of record and their staff.

6.      In addition:

a.      Court Filings and Submissions.  With no less than one week notice prior to the proposed use of a Confidential Document in any court proceeding in this matter, either party may seek court permission to submit a Confidential Document to the court under seal.  If a party seeks court permission to submit a Confidential Document to the court under seal, the party seeking to preserve the confidentiality of a Confidential Document must make the showing required by Fed. R. Civ. P. 26 and *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003), in order to maintain the Protective Order as to such document.  Before seeking to maintain the confidentiality

Page 2 –    **STIPULATED PROTECTIVE ORDER**

of Confidential Documents filed with the court, a party must assess whether redaction or stipulated facts is a viable alternative to complete disclosure. If defendants' counsel and plaintiff's counsel cannot agree on whether the Confidential Document should be submitted under seal or by another agreed upon means, plaintiff's counsel and defendants' counsel shall jointly bring this issue to the court for resolution. Until resolution by the court, counsel may reference the Confidential Document but shall submit the Confidential Document to the court under seal. If the court determines the Confidential Document should not be filed under seal or removes the seal, the Confidential Document shall no longer be confidential and shall no longer be subject to this Protective Order. Counsel may move the court to remove the seal on any Confidential Document as part of any other motion, at any time during oral argument, or in any way or time that maximizes attempts at efficiency and expedience. Under such a circumstance, the court may, at its discretion, remove the seal of a Confidential Document without hearing argument on the matter. A Confidential Document unsealed as described above will be resealed at the conclusion of the oral argument or, if necessary for the court's review of a particular motion, upon the rendering of the decision on the motion, unless counsel demonstrates good cause why the document(s) should no longer be deemed confidential or remain under seal.

b.    Court Reporters/Copy Services. Confidential Documents may be disclosed to court reporters engaged for depositions and persons employed by copy services making copies of Confidential Documents, provided they have executed a Non-Disclosure Agreement in the form attached as Exhibit 1.

Page 3 –    **STIPULATED PROTECTIVE ORDER**

c.      Disclosure by Producing' Counsel.  Notwithstanding paragraph number 5 above, producing counsel may disclose Confidential Documents to any person without requiring the person to sign a Non-Disclosure Agreement.  However, if producing counsel voluntarily discloses Confidential Documents to persons other than employees, agents, retained experts and consultants, or other representatives of producing counsel, such disclosure shall constitute a waiver of the protections provided by this Protective Order for the Confidential Documents voluntarily disclosed.  If producing counsel voluntarily discloses Confidential Documents to persons other than persons described in this subparagraph 3.c, producing counsel shall inform opposing counsel of such disclosure.

d.      Other Persons Agreed to by Producing Party.  Confidential Documents may be disclosed to additional persons upon written consent by counsel for the producing party, provided they have executed a Non-Disclosure Agreement in substantially the form attached as Exhibit 1.  If counsel cannot agree on whether specified additional persons shall have access to Confidential Documents, the Court shall resolve that disagreement.

e.      Other Persons Authorized by the Court.  After notice to all parties in a hearing, Confidential Documents may be disclosed upon a showing of good cause to other persons authorized by the court.  Persons authorized by the court to receive Confidential Documents shall execute a Non-Disclosure Agreement in the form attached as Exhibit 1.

f.      Making Copies.  Copies and extracts of Confidential Documents may be made by or for persons named herein, provided that all copies and extracts are marked "CONFIDENTIAL."

Page 4 –   **STIPULATED PROTECTIVE ORDER**

7.       The dissemination of Confidential Documents and any information contained therein is prohibited, except as provided for in this Protective Order.  The Confidential Documents covered by this Protective Order shall only be used for purposes related to this matter, and for no other purpose.

8.       Nothing in this Protective Order shall prevent the dissemination of information obtained from other sources which is also contained in Confidential Documents or testimony. Upon final termination of this action, all originals and copies of Confidential Documents and all contents or information derived from Confidential Documents shall be returned to producing counsel or shall be destroyed, and written certification of return or destruction shall be delivered to producing counsel.

9.       By stipulating to this Protective Order, the parties do not intend to waive any objection to the other party's claim of confidentiality of the described documents, and hereby expressly reserves his right to challenge such claim of confidentiality relating to any protected document despite its being included within the scope of this Protective Order.  The parties also

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 5 –    **STIPULATED PROTECTIVE ORDER**

expressly reserve the right to seek the court's protection of confidentiality as to additional

documents or categories of documents, not yet identified, which may be requested or produced in

this action if necessary.

DATED this _____ day of April, 2011.


_____
Honorable Michael R. Hogan
U.S. District Court Judge


**IT IS SO STIPULATED:**


Dated: _____, 2011.    Dated: _____, 2011.

**HARRANG LONG GARY RUDNICK P.C.**    **BUCHANAN, ANGELI, ALTSCHUL & SULLIVAN LLP**


_____s/ Ben Miller_____    _____s/ Kristine Lambert_____
Jens Schmidt, OSB #843417                Andrew Altschul, OSB #980302
Ben Miller, OSB #074690                   Kristine Lambert, OSB #010684
Of Attorneys for Defendants             Of Attorneys for Plaintiff
(541) 485-0220                             (503) 974-5015


Page 6 –    **STIPULATED PROTECTIVE ORDER**

**EXHIBIT 1**

**NON-DISCLOSURE AGREEMENT**

I, _____, am employed by _____.

I acknowledge that I have received and read a copy of the Stipulated Protective Order entered in

this action pending in the U.S. District Court, District of Oregon, entitled *Dennis Reno v. City of*

*Newport, et al.* Case No. 10-536-HO.  I understand the limitations the Protective Order imposes

upon the use and disclosure of the Confidential Documents.  I agree to be bound by all of the

terms of such Protective Order.

Dated this _____ day of _____, 20___.


_____

Name

## CERTIFICATE OF SERVICE

I certify that on April _____, 2011, I served or caused to be served a true and complete

copy of the foregoing **STIPULATED PROTECTIVE ORDER** on the party or parties listed

below as follows:

|            |                                        |
|------------|----------------------------------------|
| __X__      | Via CM / ECF Filing                    |
| _____     | Via First Class Mail, Postage Prepaid  |
| _____     | Via Email                              |
| _____     | Via Personal Delivery                  |

Andrew Altschul
Kristine Lambert
Buchanan, Angeli, Altschul & Sullivan LLP
321 SW Fourth Avenue, Suite 600
Portland, OR 97204
Attorneys for Plaintiff


HARRANG LONG GARY RUDNICK P.C.


By: ___ s/ Ben Miller _____
      Jens Schmidt, OSB #843417
      jens.schmidt@harrang.com
      Ben Miller, OSB #074690
      ben.miller@harrang.com
      Telephone:      (541) 485-0220
      Facsimile:       (541) 686-6564

      Of Attorneys for Defendants

00313623.DOC;1

**CERTIFICATE OF SERVICE**